IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRIER SPECIALTY ROOFING & COATINGS, INC.,<br><br>               Plaintiff,<br><br>         vs.<br><br>ICI PAINTS NORTH AMERICA, INC.,<br><br>               Defendants.<br>_____/ | CASE NO. CV F 07-1614 LJO TAG<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS THIRD AMENDED COMPLAINT CLAIMS**<br>(Doc. 27.) |

**INTRODUCTION**

Defendant The Glidden Company, Inc. ("Glidden")[1] seeks F.R.Civ.P. 12(b)(6) dismissal of plaintiff Barrier Specialty Roofing & Coatings, Inc.'s ("Barrier's") negligence, strict products liability and negligent misrepresentation claims as barred under California's economic loss rule. Glidden seeks alternative dismissal of Barrier's claims regarding specific roofing projects at issue in this action. This Court considered Glidden's motion to dismiss on the record and VACATES the July 17, 2008 hearing, pursuant to Local Rule 78-230(h). For the reasons discussed below, this Court DENIES dismissal in total of Barrier's negligence, strict products liability and negligent misrepresentation causes of action but PRECLUDES Barrier's negligence and strict products liability damages claims as to certain roofing projects.

---

[1] Glidden notes that it is incorrectly sued under the name ICI Paints North America, Inc. in that Glidden does business as ICI Paints.

1

# BACKGROUND[2]

## Barrier's Central California Projects

Barrier installs roofing systems on commercial properties. Glidden manufactures and sells sealant, waterproofing, coating and roofing products.

In August and September 2006, Barrier was hired to install polyurethane foam insulative roof systems on a building at the Parkway Trails Shopping Center ("Parkway Trails") in Clovis and on the Warner Herndon Professional Center ("Warner Herndon") in Fresno. The projects required a weather-resistant acrylic elastomeric roof coating. Barrier applied to the projects Acrylic Copolymer Elastomeric Roof Coating, 2071-1200 White ("roof coating"), which Barrier purchased from Glidden. Barrier supplied the property owners with a "10 + 10 year No Leak Warranty" for the roof systems.

About a month after application of the Glidden roof coating, Barrier inspected the Parkway Trails and Warner Herndon roofs and "determined the ROOF COATING was bubbling, cracking, discoloring, and delaminating from the underlying foam in multiple locations. These problems were compromising and damaging the roofing system[s], exposing the foam and the underlying structure to damage from the elements." Barrier contends that by early 2007, the roof coating could be peeled off in large sections to require Barrier to replace the roof systems at Parkway Trails and Warner Herndon.

## Barrier's Hawaii And Puerto Rico Projects

Barrier claims problems with Glidden products which Barrier applied to roof systems on two warehouses owned by Costco Wholesale Corporation ("Costco") in Hawaii and one Costco warehouse in Puerto Rico.[3] On the Costco warehouses, Barrier applied Glidden's Bar-Rust 235, a multi-purpose epoxy coating, and Devthane 379, an elastomer, to roof curbs and sky lights. Barrier's investigation revealed "widespread cracking, rusting, delamination, and discoloration on the roofs in the areas where BARRIER had applied the Bar-Rust 235 and Devthane 379. These problems were compromising and damaging the roofing system, exposing the underlying structure to damage from the elements."

---

[2] The factual recitation is derived generally from Barrier's Third Amended Complaint ("TAC"), which is the target of Glidden's challenges.

[3] The Costco warehouses at issue in Hawaii and Puerto Rico will be referred to collectively as the "Costco warehouses."

Span Construction & Engineering ("Span Construction") installed the roof systems on the Costco warehouses. Span Construction issued to Costco a 25-year No Penalty Materials and Labor Warranty ("no penalty warranty") for each roof system. Barrier alleges that the no penalty warranty made Span Construction "solely and completely responsible for maintaining the roofing systems" and for "all physical damage caused to the roofing system by any source." The no penalty warranty requires Span Construction to monitor and repair the Costco warehouses' roofs for 25 years at no cost to Costco.

**Assignments Of Claims**

Span Construction and the Parkway Trails and Warner Herndon owners (collectively "assignors") signed April 21, 2008 assignments to assign to Barrier "all rights, claims . . . for damage to property and physical injury to property" against Glidden "for any and all damages or losses arising from or related to the roof and roofing systems" at Parkway Trails, Warner Herndon, and the Costco warehouses (collectively the "properties"). The TAC alleges that Barrier has been assigned all rights and claims for damage to property and physical injury to property that the assignees have or may have against Glidden for the roof systems at the properties.

**Barrier's Claims At Issue**

The TAC alleges:

1. A (second) negligence cause of action that Glidden breached its duty of care to Barrier and the assignees "by providing faulty, inadequate, substandard, defective, and inferior quality products, materials, and supplies for the construction of the roofing systems on the PROPERTIES"[4];

2. A (fourth) strict products liability cause of action that Glidden's products sold to Barrier "were defective and unfit for their intended purpose because said products contained defects in their design, parts, materials used to manufacture them, and how they were manufactured"; and

3. A (fifth) negligent misrepresentation cause of action that Glidden misrepresented that:
    a. Glidden's products for the Parkway Trails and Warner Herndon roof systems had

---

[4] The TAC defines "PROPERTIES" as Parkway Trails, Warner Herndon and the Costco warehouses.

        been tested and rated by the Cool Roof Rating Council, a non-profit industry organization which evaluates solar reflectance and thermal emittance of roofing products;

    b.    Glidden would issue a 10-year warranty for its products for the Parkway Trails and Warner Herndon roof systems;

    c.    Glidden's products were suited for application to the curb and skylight areas of the Costco warehouses; and

    d.    Glidden would abide by lab testing results of the roof coatings performed by non-party BASF Polyurethane Foam Enterprises, LLC.

Of further concern to Glidden's motion to dismiss, the TAC alleges:

1. "As a result of the ROOF COATING problems, the owners of PARKWAY TRAILS and WARNER HERNDON have informed BARRIER that they will no longer utilize its services for other roofing projects" to result in loss of "business and income"; and

2. Problems with Glidden's products have "adversely impacted BARRIER's overall reputation in the business community" to increase difficulty "to secure new customers and projects" and to reduce "business income."[5]

Glidden challenges Barrier's pursuit of property damage under the assignments and the negligence, strict products liability and negligent misrepresentation causes of action.

## DISCUSSION

### F.R.Civ.P. 12(b)(6) Standards

Glidden seeks F.R.Civ.P. 12(b)(6) dismissal of the TAC's (second) negligence, (fourth) strict products liability, and (fifth) negligent misrepresentation causes of action. A F.R.Civ.P. 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately

---

[5] Glidden also points to the TAC's allegation that Barrier's damages "include the costs and expenses BARRIER has incurred to inspect, evaluate, repair, and redo the roofs." However, this allegation appears limited to the TAC's (seventh) unfair business practices cause of action.

4

prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). F.R.Civ.P. 12(b)(6) dismissal is proper when "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102 (1957).

In resolving a Rule 12(b)(6) motion, the court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted). A court need not permit an attempt to amend a complaint if "it determines that the pleading could not possibly be cured by allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

In a F.R.Civ.P. 12(b)(6) motion, a court generally cannot consider material outside the complaint. *Van Winkle v. Allstate Ins. Co.*, 290 F.Supp.2d 1158, 1162, n. 2 (C.D. Cal. 2003). Nonetheless, a court may consider exhibits submitted with the complaint. *Van Winkle*, 290 F.Supp.2d at 1162, n. 2 A court may also consider "documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Parrino v. FHP, Inc.*, 146 F.3d 699, 705 (9th Cir. 1998) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)). As such, this Court may consider the assignments of claims to Barrier and will address next Glidden's

challenges to the TAC.

**Economic Losses**

Glidden faults the negligence, strict products liability and negligent misrepresentation causes of action for seeking economic losses arising from the properties which Barrier does not own and thus "pleads no such damages on its own behalf."

Economic loss refers to "damages for inadequate value, costs of repair and replacement of the defective product or consequent loss of profits – without any claim of personal injury or damages to other property." *Sacramento Regional Transit Dist. v. Grumman Flxible*, 158 Cal.App.3d 289, 294, 204 Cal.Rptr. 736 (1984) (quoting *Alfred N. Koplin & Co. v. Chrysler Corp.,* 49 Ill.App.3d 194, 364 N.E.2d 100, 102 (1977)).

"[P]laintiffs may recover in tort for physical injury to person or property, but not for purely economic losses that may be recovered in a contract action." *San Francisco Unified School Dist. v. W.R. Grace & Company*, 37 Cal.App.4th 1318, 1327, 44 Cal.Rptr.2d 305 (1995). In *Fieldstone Co. v. Briggs Plumbing Products, Inc.*, 54 Cal.App.4th 357, 363-364, 62 Cal.Rptr.2d 701 (1997), the California Court of Appeal observed:

> Under California law, a manufacturer may be strictly liable for physical injuries caused to person or property, but not for purely economic losses. . . ."[T]he line between physical injury to property and economic loss reflects the line of demarcation between tort theory and contract theory. . . ."(Citations omitted.)

"In summary, the economic loss rule allows a plaintiff to recover in strict products liability in tort when a product defect causes damage to 'other property,' that is, property other than the product itself. The law of contractual warranty governs damage to the product itself." *Jimenez v. Superior Court*, 29 Cal.4th 473, 483, 127 Cal.Rptr.2d 614 (2002).

Whereas the "law of sales" (warranty) carefully governs "economic relations between suppliers and consumers of goods," the strict liability doctrine governs "the distinct problem of physical injuries." *Seely v. White Motor Co.*, 63 Cal.2d 9, 15, 45 Cal.Rptr. 17 (1965). "[R]ules defining and governing warranties that were developed to meet the needs of commercial transactions cannot properly be invoked to govern the manufacturer's liability to those injured by its defective products unless those rules also serve the purposes for which such liability is imposed." *Greenman v. Yuba Power Products, Inc.*, 59

1  Cal.2d 57, 63, 27 Cal.Rptr. 697 (1963).  "The doctrine of strict liability, however, is not a substitute for
2  contract and warranty law where the purchaser's loss is the benefit of the bargain, and unless the parties
3  specifically agree the product will perform in a certain way, the manufacturer is not responsible for its
4  failure." *Fieldstone*, 54 Cal.App.4th at 366, 62 Cal.Rptr.2d 701 (1997) (economic loss rule barred real
5  estate developer's products liability claims to recover costs to replace defective sinks "prone to rusting,
6  chipping and premature deterioration").

7  As to negligence, "a manufacturer's liability is limited to damages for physical injuries and there
8  is no recovery for economic loss alone." *Seely,* 63 Cal.2d at 18, 45 Cal.Rptr. 17.  "Until physical injury
9  occurs – until damage rises above the level of mere economic loss – a plaintiff cannot state a cause of
10 action for strict liability or negligence." *W.R. Grace*, 37 Cal.App.4th at 1327, 44 Cal.Rptr.2d 305.  "A
11 consumer should not be charged with bearing the risk of physical injury when a product is purchased,
12 but can fairly be charged with the risk that the product will not match economic expectations unless the
13 manufacturer agrees that it will."  *W.R. Grace*, 37 Cal.App.4th at 1328, 44 Cal.Rptr.2d 305.

14 Glidden argues that Barrier's alleged damages are economic and thus barred by the economic
15 loss rule given Barrier's "adequate commercial remedies in contract."  Glidden characterizes Barrier's
16 claimed damages as "contractual" in that Glidden's products "failed to perform as promised."  Glidden
17 faults the absence of allegation that Barrier's "property has suffered any physical damages.  Barrier only
18 alleges that is has suffered economic damages related to Glidden's failure to perform as obligated by
19 contract – the costs and expenses incurred to 'inspect, evaluate, repair, and redo the roofs'; loss of
20 customers and reputation; and reduction in income.'"  Glidden argues that under the economic loss rule,
21 contract and warranty remedies address economic relations between contracting parties to bar a tort
22 action "in the absence of injury."

23 To support its claim that it alleged "physical damages to the subject properties," Barrier points
24 to the TAC's paragraph 48 in its negligence cause of action and which provides:

25  The Defendants breached their duty of care to BARRIER and the ASSIGNEES
    by providing faulty, inadequate, substandard, defective, and inferior quality products,
26  materials, and supplies for the construction of the roofing systems on the PROPERTIES.
    These defects have caused and resulted in physical damages to the PROPERTIES.
27

28 Barrier points to its allegation of "bubbling, crackling, discoloring, and delaminating from the underlying

7

1 foam in multiple locations" to constitute physical damage to the roofing systems and in turn to the
2 Parkway Trails and Warner Herndon buildings. As to physical damage to the Costco warehouses,
3 Barrier notes the TAC's allegations of "widespread cracking, rusting, delamination and discoloration
4 on the roofs" to result in "compromising and damaging the roofing system, exposing the underlying
5 structure to damage from the elements."

6 In its reply papers, Glidden faults the TAC's failure to identify cracking, rusting, delaminating,
7 discoloring, etc. As such, Glidden concludes that only the "roof coating product itself" suffered such
8 damage.

9 The TAC alleges physical damage to the properties. As to Parkway Trails and Warner Herndon,
10 Barrier may pursue physical damage claims. Barrier has the burden to demonstrate physical damage to
11 Parkway Trails and Warner Herndon, aside from damage to the roofing coating. Glidden is able to
12 challenge such claims through discovery. At this pleading stage, this Court is not in a position to
13 evaluate whether the Parkway Trails and Warner Herndon buildings suffered physical damage other than
14 the roof coating. However, as discussed below, Barrier fails to satisfy standing requirements to pursue
15 claims for physical damage to the Costco warehouses under the (second) negligence and (fourth) strict
16 products liability causes of action.

17 Turning to negligent misrepresentation, Glidden notes that the economic loss rule "extends to
18 bar" such claims. Glidden relies on *Butler-Rupp v. Lourdeaux*, 134 Cal.App.4th 1220, 1227, 36
19 Cal.Rptr. 685 (2005), which addressed negligent infliction of emotional distress damages in a breach
20 of lease context: "In any event, we note that a plaintiff may not recover damages for emotional distress
21 in an action for negligent misrepresentation where the 'plaintiff's direct loss resulting from the negligent
22 conduct of the defendant was [only] economic.'" (Citation omitted.)

23 Barrier responds that Glidden fails to cite pertinent authority that a negligent misrepresentation
24 claim is subject to the economic loss rule. Barrier argues that as a form of deceit, negligent
25 misrepresentation is not subject to negligence defenses, including the economic loss rule. Barrier notes
26 that "physical injury" is not an element of a negligent misrepresentation claim.

27 California Civil Code section 1710 defines deceit to include "[t]he assertion, as a fact, of that
28 which is not true, by one who has no reasonable ground for believing it to be true." "Negligent

8

misrepresentation is a form of deceit and its elements are (1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages." *Fox v. Pollack*, 181 Cal.App.3d 954, 962, 226 Cal.Rptr. 532 (1986).

This Court agrees with Barrier that Barrier's negligent misrepresentation cause of action sounds more in deceit/fraud than negligence. Negligent misrepresentation damages arise from misrepresentation of past or existing material facts and are distinguishable from negligence and strict liability damages. Glidden fails to convince this Court that the economic loss rule bars Barrier's (fifth) negligent misrepresentation cause of action.

**Assignments**

Glidden faults Barrier's reliance on the assignments of claims in that the TAC "fails to allege any damage to the property of its customers in order to escape application of the economic loss rule." Glidden further faults the assignments' failure to note that the properties' owners "suffered any property damage" and to reference "actual property damage to assign in the instance." Glidden characterizes the assignments to transfer "unspecified and undetermined potential damages" as to incognizable, unidentified property damage. Glidden puts Barrier to the task to identify damage to the properties in that damage to only the roofing products "would not constitute damage to the underlying property necessary to support a tort claim." Glidden concludes that "without facts alleging present, appreciable property damage, the Assignments add nothing."

Barrier contends that the assignments need not reference property damage in that the TAC includes "allegations of actual damage." Barrier notes that the assignments transferred to Barrier all claims which the assignors have or may have against Glidden to provide Barrier "all rights to any physical damage claims on the properties arising from the defective GLIDDEN products."

To "assign" ordinarily means to transfer title or ownership of property. *McCown v. Spencer*, 8 Cal.App.3d 216, 225 87 Cal.Rptr. 213 (1970) (citing *Commercial Discount Co. v. Cowen*,18 Cal.2d 610, 614,116 P.2d 599 (1941)). To be effective, an assignment must include manifestation to another person by the owner of his intention to transfer the right, without further action, to such other person or

1  to a third person. *McCown*, 8 Cal.App.3d 216, 225 87 Cal.Rptr. 213(citing *Cockerell v. Title Ins. & Trust*
2  *Co.*, 42 Cal.2d 284, 291, 267 P.2d 16 (1954)).  The substance, not the form of a transaction, determines
3  whether an assignment was intended.  *McCown*, 8 Cal.App.3d 216, 225 87 Cal.Rptr. 213 (citing *Bergin*
4  *v. van der Steen*, 107 Cal.App.2d 8, 16, 236 P.2d 613 (1951); *Anglo Cal. Nat. Bank v. Kidd*, 58
5  Cal.App.2d 651, 655-656, 137 P.2d 460 (1942)).  If from the entire transaction and the conduct of the
6  parties, the parties intent clearly appears to pass title to the chose in action, an assignment has taken
7  place.  *McCown*, 8 Cal.App.3d 216, 225, 87 Cal.Rptr. 213 (citing *Goldman v. Murray*, 164 Cal. 419,
8  422, 129 P. 462 (1912); *California Pac. Title Co. v. Moore,* 229 Cal.App.2d 114, 117, 40 Cal.Rptr. 61
9  (1964)).

10  Glidden fails to challenge meaningfully the assignments for Parkway Trails and Warner Herndon.
11  As a reminder, those assignments assign to Barrier "all rights, claims . . . for damage to property and
12  physical injury to property" against Glidden "for any and all damages or losses arising from or related
13  to the roof and roofing systems."  The assignments for Parkway Trails and Warner Herndon manifest
14  the Parkway Trails and Warner Herndon owners' intent to transfer their choses in action against Glidden
15  to Barrier.  Barrier has the burden to prove physical damage to the Parkway Trails and Warner Herndon
16  buildings.  Whatever physical damage claims exist, the Parkway Trails and Warner Herndon owners
17  transferred them to Barrier.  The issue is not whether the Parkway Trails and Warner Herndon owners
18  have transferred property damage claims to Barrier.  They have.  The issue is what those claims amount
19  to.  Barrier has the challenge to prove such claims.

20  Glidden challenges Span Construction's assignments for the Costco warehouses in that Barrier
21  lacks standing to assert an interest in the Costco warehouses.  Glidden imposes on Barrier to establish
22  the validity of the assignments for the Costco warehouses in that as the assignee, Barrier seeks the
23  benefit of assigned rights.  Glidden notes that the TAC acknowledges that Costco is the owner of its
24  warehouses.  As such, Barrier points to Costco as the holder of the right to assign an interest in the
25  warehouses, not Span Construction, the installer of the roofs on the warehouses.  Glidden concludes that
26  "Span has no rights related to the Costco properties to convey to Barrier."

27  Barrier acknowledges that Costco, not Span Construction, owns the Costco warehouses. Barrier
28  classifies Span Construction "as an owner in terms of the level of responsibility that SPAN has for the

1  maintenance and upkeep of the roofs." Barrier notes the TAC's allegation that Span Construction issued
2  a 25-year no penalty warranty to Costco to render Span Construction "solely and completely responsible
3  for maintaining the roofing systems" and for "any and all physical damage caused to the roofing systems
4  by any source." Barrier concludes that although Costco owns the warehouses, Span Construction "owns
5  the maintenance, upkeep, and repair obligations for the roofs including ensuring that the responsible
6  parties are held accountable for their impact on the roofs" to grant Span Construction standing to pursue
7  claims against Glidden.

8  "It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper
9  party to invoke judicial resolution of the dispute and exercise of the court's remedial powers." *Warth*
10 *v. Seldin*, 430 U.S. 490, 518, 95 S.Ct. 2197 (1975). To invoke standing, a plaintiff must allege "(a) a
11 particularized injury (b) concretely and demonstrably resulting from defendant's action (c) which injury
12 will be redressed by the remedies sought." *Bowker v. Morton*, 541 F.2d 1347, 1349 (9th Cir. 1976).
13 "Pecuniary injury is a sufficient basis for standing." *Fair v. United States Envir. Protection Agency*, 795
14 F.2d 851, 853 (9th Cir. 1986); *see Barlow v. Collins*, 397 U.S. 159, 163-164, 90 S.Ct. 832, 835-836
15 (1970).

16 Standing and real-party-in-interest questions overlap to the extent they ask whether the plaintiff
17 has a personal interest in the controversy. *Whelan v. Abell*, 953 F.2d 663, 672 (D.C.), *cert. denied*, 506
18 U.S. 906, 113 S.Ct. 300 (1992). F.R.Civ.P. 17(a)(1) addresses real party in interest and provides in
19 pertinent part: "An action must be prosecuted in the name of the real party in interest." "Rule 17(a) is
20 designed to ensure that lawsuits are brought in the name of the party possessing the substantive right at
21 issue." *Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Service Bureau*, 701 F.2d 1276, 1282
22 (9th Cir.), *cert. denied*, 464 U.S. 822, 104 S.Ct. 88 (1983). F.R.Civ.P. 17(a)'s function "is simply to
23 protect the defendant against [a] subsequent action by the party actually entitled to recover, and to insure
24 generally that the judgment will have its proper effect as res judicata." F.R.Civ.P. 17 Adv. Comm. Note.

25 Barrier attempts to put Span Construction in Costco's shoes. Span Construction is a warrantor
26 to Costco. Barrier fails to demonstrate, and provides no pertinent authority, that as a warrantor, Span
27 Construction is able to transfer property damage rights to Barrier. Damage to the Costco warehouse
28 roofs is damage to property owned by Costco, not Span Construction. Barrier demonstrates in Span

Construction no ownership or property right in the Costco warehouses or their roofs to entitle Span Construction to assign damage claims at issue here and to derive standing in Barrier to pursue physical damage claims. In the absence of sufficient support of Span Construction's assignment to Barrier, Barrier is barred to pursue property damage claims arising from the Costco warehouses under Barrier's (second) negligence and (fourth) strict products liability causes of action.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DENIES Glidden's motion to dismiss in total Barrier's (second) negligence, (fourth) strict products liability and (fifth) negligent misrepresentation causes of action;

2. LIMITS Barrier's damages claims in its (second) negligence and (fourth) strict products liability causes of action to Parkway Trails and Herndon Warner;

3. PRECLUDES damages claims as to the Costco warehouses under Barrier's (second) negligence and (fourth) strict products liability causes of action; and

4. ORDERS Glidden, no later than July 27, 2008, to file and serve its answer to the TAC.

IT IS SO ORDERED.

**Dated:** __July 11, 2008__              __/s/ Lawrence J. O'Neill__
                                          UNITED STATES DISTRICT JUDGE